UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20719-CIV-GOLD/DUBÉ

RODERICK R. HASLEM,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Motion for Summary Judgment filed by the Defendant (D.E. #17) and the Motion for Summary Judgment filed by the Plaintiff (D.E. #21) pursuant to a Clerk's Notice of Magistrate Judge Assignment entered by the Clerk of Court, United States District Court for the Southern District of Florida. The issue before the Court is whether the record contains substantial evidence to support the denial of benefits to the Plaintiff, Roderick R. Haslem (hereinafter "Haslem" or "Plaintiff").

## I. FACTS

Haslem filed applications for disability insurance benefits (hereinafter "DIB") and supplemental security income (hereinafter "SSI") on February 15, 2006 which asserted disability as of November 2, 2004. (R. 21, 89-94).[1] The applications were denied initially and on reconsideration. (R. 33-36, 67-74, 416-425). Following a hearing on October 16, 2008 (R. 510-526), the ALJ issued

---

1. All references are to the record of the administrative proceeding filed as part of the Defendant's answer. A copy of the SSI application does not appear in the record, but it is referred to by the ALJ in his determination. (R. 21).

a decision denying the request for benefits. (R. 18-32). On January 25, 2010, the Appeals Council denied a request for review. (R. 456-460). Thereafter, the Appeals Council set aside its earlier action to consider additional information. After considering additional information, the Appeals Council again denied a request for review. (R. 9-13).

The Plaintiff, age 39 at the time of the hearing on October 16, 2008, testified he graduated from high school (R. 510-514). The Plaintiff further testified that for the past 15 years he worked "cutting grass" and then as a truck driver. (R. 515). According to Haslem, he stopped working on November 2, 2004, after a car accident which left him with a "plate... a broken arm, broken nose and hip and back injuries." (R. 516).

Haslem claimed that due to financial issues, in 2005-2006, he went to his doctors "[w]henever they can see me;" and in 2008 only once. (R. 516-517). The Plaintiff stated that the prescription medications he currently takes are Celebrex, Percocet and steroids. When asked by the ALJ who prescribed these medications to him, Haslem responded: "... well the treatment, that[ ] was all given to me at one time." (R. 517). Additionally, the Plaintiff stated he does not have a driver's license and has not driven since the accident. (R 517-518). When asked how he manages to commute, the Plaintiff responded: "I really don't go nowhere." (R. 518).

According to the Plaintiff, he walked 3 blocks to the hearing; is able to stand for 15-20 minutes; sit for 20 minutes; and lift about 10 pounds with right hand and 15 pounds with his left hand. (R. 518-519). The Plaintiff described his mornings as sitting and laying around; washing dishes; putting dishes in the dishwasher; and watching television with his grandmother whom he lives with. (R. 519). Haslem further stated that his afternoons consist of sleeping and watching television. (R. 519-520).

Counsel for the Plaintiff asked the Plaintiff specific questions about his 2004 accident to

which Haslem responded as follows: he was in a car and was hit by a truck; air rescue took him to Jackson Memorial Hospital; and his most severe injuries were a broken arm and hip. (R. 520-521). The Plaintiff further explained that his upper right arm, above the elbow, was broken and had to be repaired by putting in a plate and 8 screws. (R. 521-522). Additionally, the Plaintiff noted no further treatment of his right arm, but ongoing problems with his hip. (R. 522). Haslem testified he has major arthritis in his hip which requires hip replacement, but he is too young to have the procedure. (R. 522-523).

Due to his hip problems, the Plaintiff asserted it is "hard to walk," he falls and walks with a limp. (R. 523). The Plaintiff stated that the morning of the hearing, he was able to walk 2 blocks before having to stop. Additionally, Haslem stated he has ongoing problems with his back and had an epidural and a discogram performed. According to the Plaintiff, he has ongoing back pain which goes from his hip to his arm; and asserted that his worst pain is his hip and back. (R. 524). On a scale from 1 to 10, his pain at the hearing was a 10; and he experiences pain at this level about 3 times a week. (R. 524-525). When asked if he was planning on returning to work after being able to receive additional medical treatment, Haslem responded: "Sure." (R. 525).

In addition to the testimony presented at the hearing, medical records were submitted to the ALJ. However, a review of the medical records and the specific issues raised by the Plaintiff in his Motion for Summary Judgment shows that the resolution of the issues do not require this Court to specifically set out all the medical evidence in detail. Accordingly, this Court will discuss the legal issues involved and will incorporate the facts as appropriate within the arguments presented below.

After a hearing and review of the record, the ALJ issued an opinion finding that the Plaintiff had the following severe impairments: chronic pain left hip and lumbar spine pain. Additionally, the ALJ found that the Plaintiff's mental impairment does not cause more than minimal limitation

in his ability to perform basic mental work activities, and thus, was non-severe. (R. 23). The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that meets or equals a listing. (R. 24). The ALJ determined that the Plaintiff's RFC was as follows:

> ... to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can lift and/or carry 20 pounds occasionally, lift and/or carry 10 pounds frequently. The claimant can push and/or pull similar amounts of weight. He can sit, stand and/or walk for six hours out of an eight hour workday. The claimant can only climb ramp/stairs, balance, stoop, kneel, crouch and crawl occasionally. He should never climb ladders, ropes or scaffolds. The claimant has no manipulative, visual or communicative limitations. He is unlimited in activities that involve environmental factors of extreme cold, heat, wetness, humidity, noise, vibration, fumes, odors, dusts, gases, poor ventilation, etc., and should avoid concentrated exposure to hazards, machinery, heights, etc. Finally, he has no mental limitations which would have an adverse impact on his/her capacity to make occupational and performance adjustments to jobs entailing simple, detailed and/or complex instructions.

(R. 25).

The ALJ found the Plaintiff could not return to his past relevant work as a truck driver, but considering the Plaintiff's age, education, work experience and RFC, Haslem could perform jobs which existed in significant numbers in the national economy, and thus, was not disabled. (R. 31-32).

## II. LEGAL ANALYSIS

Judicial review of the factual findings in disability cases is limited to determining whether the record contains substantial evidence to support the ALJ's findings and whether the correct legal standards were applied. 42 U.S.C. section 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Kelley v. Apfel, 185 F.3d 1211, 1213 (11th Cir. 1999); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). "Substantial evidence" is more than a scintilla, but less than a preponderance and is generally defined as such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995); Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988). The reviewing court must also be satisfied that the decision of the Commissioner correctly applied the appropriate legal standards. See, Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987). The court may not reweigh evidence or substitute its judgment for that of the ALJ, and even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. See, Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991); Baker v. Sullivan, 880 F.2d 319, 321 (11th Cir. 1989).

The restrictive standard of review set out above applies only to findings of fact. No presumption of validity attaches to the conclusions of law found by the Commissioner, including the determination of the proper standard to be applied in reviewing claims. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). The failure by the Commissioner to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal. Cornelius v. Sullivan, 936 F.2d 1143, 1145-1146 (11th Cir. 1991); See also, Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

Social Security regulations establish a five-step sequential analysis to arrive at a final determination of disability. See, 20 C.F.R. section 404.1520; 20 C.F.R. section 416.920 (a)-(f).

The ALJ must first determine whether the claimant is presently employed. If so, a finding of non-disability is made, and the inquiry ends. 20 C.F.R. section 404.1520(b). In the second step, the ALJ must determine whether the claimant suffers from a severe impairment or combination of impairments. If such a finding is not made, then a finding of non-disability results, and the inquiry

ends. 20 C.F.R. section 404.1520(c).

At step three, the ALJ compares the claimant's severe impairments to those in the listing of impairments. 20 C.F.R. section 404.1520(d), subpart P, appendix I. Certain impairments are so severe, whether considered alone or in conjunction with other impairments, that if such impairments are established, the regulations require a finding of disability without further inquiry into the claimant's ability to perform other work. See, Gibson v. Heckler, 762 F.2d 1516, 1518, n.1 (11th Cir. 1985). If the impairment meets or equals a listed impairment, disability is presumed, and benefits are awarded. 20 C.F.R. section 404.1520(d).

Step four involves a determination of whether the impairments prevent the claimant from performing his or her past relevant work. If the claimant cannot perform his or her past relevant work, then a prima facie case of disability is established and the burden of going forward with the evidence shifts to the Commissioner to show, at step five, that there is other work available in the national economy which the claimant can perform. 20 C.F.R. section 404.1520(e)-(f).

The claimant bears the initial burden of proving that he is unable to perform previous work. See, Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991). The inability to perform previous work relates to the type of work performed, not to merely a specific prior job. See, Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986).

The Plaintiff's first point of contention is that the ALJ improperly rejected the opinions of his treating orthopedic surgeon, Dr. Zaslow, without sufficient justification. Specifically, that the ALJ erroneously claimed that Dr. Zaslow's opinions were based on subjective complaints and contrary to the evidence in the record.

The Defendant contends the ALJ rejected Dr. Zaslow's extreme limitations because they were based on the Plaintiff's subjective complaints and contrary to the evidence of record.

According to the Defendant, the record shows Dr. Zaslow's conservative course of treatment consisting of pain medication and epidural injections; recommended that the Plaintiff swim and released Haslem from his care. (R. 27, 320-321, 339).

The opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physician's diagnosis. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause has been seen when the treating doctor's opinion was not bolstered by the evidence; the evidence supported a contrary finding or the opinion was conclusory or inconsistent with the physician's own medical records. If the ALJ disregards the opinion of a treating physician, the ALJ must clearly articulate his reasons. See Phillips v. Barnhart, 357 F.3d 1232, 1240-1241 (11th Cir. 2004).

This Court previously held that, a treating physician's opinion will be given controlling weight if it is well supported by medically acceptable clinical and diagnostic techniques and is consistent with other evidence in the record. Holley v. Charter, 931 F. Supp. 840, 849 (S.D. Fla. 1996). Further, a treating doctor's opinion is entitled to more weight than a consulting doctor's opinion. Wilson v. Heckler, 734 F. 2d 513, 519 (11th Cir. 1984).

In his decision, the ALJ stated as follows:

> Dr. Zaslow completed a medical source statement (physical), undated, in which he essentially deemed the claimant capable of performing only a limited range of light exertional work activity. He reported that the claimant could lift and/or carry 20 pounds occasionally, and lift and/or carry less than 10 pounds frequently. He limited the claimant to standing and/or walking less than 2 hours in an 8 hour workday. He indicated that the claimant was only capable of sitting less than 6 hours in an 8 hour workday. Dr. Zaslow reported that the claimant was limited in his lower extremities for pushing and pulling. He indicated that the claimant should never perform postural activities such as climbing, balancing, kneeling, crouching, crawling and stooping. He limited the claimant from reaching in all directions (including overhead), noting that he could only reach occasionally,

> and noted that he could perform unlimited handling, fingering and feeling and that he could perform those activities constantly. Dr. Zaslow indicated that the claimant was unlimited in performing all visual and communicative functions. He determined that there were environmental limitations and limited the claimant from temperature extremes Vibration, humidity/wetness, and hazards (machinery, heights...). He noted that the claimant was unlimited for noise, dust, fumes, odors, chemicals and gases (Exhibit 15F, pgs. 2-5).

(R. 28).

Furthermore, the ALJ determined as follows:

> The undersigned rejects Dr. Dennis B. Zaslow's reported extreme limitations, as shown above, in his undated medical source statement (physical), (Exhibit 15F), because they are based on subjective complaints and are contrary to the other evidence of record. It is noted that Dr. Zaslow recommended a future hip replacement, but Dr. Bertot expressed that conservative management is the most appropriate treatment intervention (Exhibit 16F, pg. 10).

(R. 30).

According to the Regulations, the physical exertion requirements for light work are as follows:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567.

This Court agrees with the Plaintiff that the ALJ erred in rejecting Dr. Zaslow's opinion without providing an adequate basis for doing so. Although Dr. Zaslow's treatment records and test

8

results do not necessarily reveal a determination of disability, this Court must remand so the ALJ can provide an adequate basis for his rejection of Dr. Zaslow's opinion. Specifically, this Court notes that the undated Medical Source Statement of Ability to do Work-Related Activities (Physical) completed by Dr. Zaslow does not contend that the Plaintiff has the ability to perform light work as noted by the ALJ. (R. 336-339).

Contrary to the ALJ's determination that Dr. Zaslow's findings were based on the Plaintiff's subjective complaints, Dr. Zaslow clearly noted on the undated Medical Source form that his medical/clinical findings support his conclusions of the Plaintiff's ability to lift/carry, standing/walking/sitting, and pushing/pulling by the Plaintiff's herniated lumbar disk and Haslem's surgery on January 4, 2007. (R. 337). The ALJ's attempt to interpret the statements by the doctor allowing for light work is not supported by the evidence.

Additionally, this Court notes that on November 15, 2006, Dr. Zaslow examined Haslem. He also reviewed a CT scan of the lumbar spine; x-ray of his left hip; and an EMG and nerve conduction studies of his upper extremities and concluded that Haslem was "a candidate for left total hip replacement." However, Dr. Zaslow noted that Haslem is too young to undergo the procedure and if performed this early in his life, he would perhaps require one or two additional surgeries during his lifetime. (R. 328-329).

At Dr. Zaslow's request, Dr. Bertot examined the Plaintiff on November 30, 2006, and agreed with Dr. Zaslow that Haslem "may require a hip replacement in the future. However, at this point, I would not recommend a hip replacement in light of his age." (R. 348-349). On February 22, 2007, Dr. Bertot opined that the Plaintiff is "not a current candidate for any type of other surgical intervention regarding his hip... [however,] he may encounter progressive problems in his hip in the future with arthritic changes that may require further interventions in the form of a hip replacement

9

in the future." (R. 345). This Court does not agree with the ALJ's determination which found that Drs. Zaslow and Bertot's opinion conflicted as doctors recommended hip replacement, but for the Plaintiff's age.

Additionally, on March 7, 2007, Dr. Zaslow released the Plaintiff from his care "with the understanding that he is free to return to see [him] after [he] sees the neurologist." (R. 320). Therefore, the Plaintiff was not released from Dr. Zaslow's care because he had improved, but rather to see a neurologist and return to Dr. Zaslow, if needed. Accordingly, this Court concludes that it cannot be said that the findings by Dr. Zaslow were so inconsistent with the evidence or unsupported as to reject his opinion without providing a proper basis for doing so. The ALJ erred in so finding, and remand is required so the opinion of Dr. Zaslow can be properly evaluated.

The Plaintiff's second argument is that the ALJ applied the wrong legal standard to assess the severity of his impairments at Step 2 of the evaluation process. Specifically, the Plaintiff argues that the ALJ incorrectly determined that his alleged mental impairment was not severe. Additionally, the Plaintiff argues that the ALJ failed to identify and consider his hand and wrist neuropathy, and shoulder and knee pain at Step 2.

The determination of whether an impairment is severe or not at step two of the sequential analysis is a threshold inquiry. McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). The court in McDaniel elaborated on the requirements for a finding of severity as follows:

> It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that her impairment is not so slight and its effect is not so minimal.

McDaniel, 800 F.2d at 1031; see also, Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987).

In the instant matter, this Court notes that in analyzing the Plaintiff's depression, the ALJ evaluated the four functional areas as required by the regulations. 20 C.F.R. § 404.1520a. The regulations require the four individual areas to be examined as: "... [a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a (c)(3). The regulations further require that if the ALJ determines the limitations in the first three categories to be "mild" or "none," and that the individual did not have episodes of decompensation, the ALJ will reach the determination that the mental impairment was not severe. 20 C.F.R. § 404.1520a (d)(1).

The ALJ reviewed the Plaintiff's functional areas in activities of daily living; social functioning; and concentration, persistence or pace and found the Plaintiff had mild restrictions. The ALJ noted Haslem remained almost totally independent; took public transportation without difficulty; cooked and cleaned his house; is independent; and is capable of performing work requiring more than occasional interaction with the public. The ALJ also relied on Dr. Alvarez's report which determined the Plaintiff had no difficulty with attention and concentrations; intact insight and judgment; and average intellectual functioning. Additionally, the ALJ found no episodes of decompensation, which have been of extended duration. There were no delusions or paranoid ideations; no suspiciousness; no distortions of perceptual processes in the forms of illusions or hallucinatory activity noted in the record. (R. 24).

The ALJ determined the Plaintiff's mental impairment of Adjustment Disorder did not cause more than minimal limitation in his ability to perform basic mental work activities. As the ALJ determined the Plaintiff's depression did not meet the threshold requirements of the regulations, the ALJ concluded the Plaintiff's depression was not severe. (R. 23).

The only evidence that the Plaintiff points to regarding his alleged depression is a Psychological Evaluation Report completed by Manuel E. Alvarez. (R. 287-289). The ALJ reviewed said report and noted as follows:

> Manuel E. Alvarez, Ph.D., P.A., examined the claimant and completed a consultative evaluation on September 11, 2006. He reported the claimant was cooperative and spontaneous with good eye contact and unremarkable speech. The claimant denied experiencing hallucinations in all sensory modalities. Dr. Alvarez reported that the claimant was not preservative, tangential, conflabulatory nor incoherent. The claimant was fully oriented to person, place and time. He denied difficulty with attention and concentration and none were clinically evident. His insight and judgment appeared intact. Obsessive compulsive features were denied. Dr. Alvarez estimated his intellectual functioning to be within the Average range. His overall diagnostic impression of the claimant's symptoms were: Adjustment Disorder, with Mixed Emotional Features, Rule Out Major Depressive Episode (Exhibit 10F).

(R. 27).

This Court finds that the Plaintiff's second argument is without merit. The Plaintiff has not presented evidence that he suffers from a severe mental impairment. In fact, Haslem did not allege any mental impairment in his initial disability application; the only mental evaluation he received was produced by his disability application; and as noted by Dr. Alvarez, his "complain[t]s of depression [are] associated with pain." (R. 30, 98, 288, 298, 379). It is the opinion of this Court that the ALJ's decision finding the Plaintiff's depression to be non-severe is supported by substantial evidence.

Next, the Plaintiff argues that the ALJ failed to identify and consider his hand and wrist neuropathy, and shoulder and knee pain within the context of the Step 2 process. Although this Court agrees with the Plaintiff that the ALJ did not mention his hand and wrist neuropathy, and

shoulder and knee pain, there is no "rigid requirement" that the ALJ specifically refer to every piece of evidence as long as the decision allows the court to conclude the ALJ considered the medical condition as a whole. Hennes v. Comm'r of Soc. Sec. Admin., 130 Fed. Appx. 343, 348 n. 11 (11th Cir. 2005). Additionally, a diagnosis alone is an insufficient basis for finding an impairment to be severe. McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). Furthermore, this Court notes the Plaintiff did not allege said impairments in his Disability Report application. (R. 97-103).

Haslem has not presented any evidence which would support that his hand and wrist neuropathy, and shoulder and knee pain have any impact on his ability to perform work. As such, the Plaintiff has not demonstrated the kind of gaps in evidence necessary to demonstrate prejudice. Graham v. Apfel, 129 F. 3d 1420, 1422 (11th Cir. 1997). Therefore, this argument must also fail.

The Plaintiff's remaining points of contention address his RFC; whether the Plaintiff meets listing criteria under Rule 1.04; the ALJ's improper application of the GRIDS; and the Plaintiff's activities of daily living.

The Court's finding regarding the Plaintiff's first issue has a direct impact on the Plaintiff's remaining arguments. Prior to making a determination on the remaining issues, the opinion of the Plaintiff's treating physician must be properly evaluated. While the Court finds that error is present, a finding of disability is not warranted at this time.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, this Court finds that the decision of the ALJ was not supported by substantial evidence and that the correct legal standards were not applied. Therefore, it is the recommendation of this Court that the decision of the Commissioner be **REVERSED and REMANDED** for further proceedings consistent with this Report and Recommendation.

Accordingly, the Motion for Summary Judgment filed by the Defendant (D.E. #17) should be **DENIED** and the Motion for Summary Judgment filed by the Plaintiff (D.E. #21) should be **GRANTED in part**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Alan S. Gold, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); R.T.C. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** this __19__ day of November, 2010.

/s/ Robert L. Dubé
ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE